IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOQING XIAO,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDALL FORSHEY, et al.,<br><br>    Defendants. | Case No. 21-cv-05866-MMC<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

    Before the Court is defendants Randall Forshey and Sharon Forshey's Notice of Removal, filed July 30, 2021. Having read and considered the Notice of Removal, the Court rules as follows.

    Prior to the filing of the instant Notice of Removal, the above-titled action, in which plaintiff Xiaoqing Xiao asserts a single claim against defendants for unlawful detainer, was removed by defendants and thereafter was remanded by the Court. Specifically, defendants, on April 7, 2021, filed a Notice of Removal, and the Court, by order filed June 8, 2021, remanded the case for lack of subject matter jurisdiction.

    The Notice of Removal filed July 30, 2021, is identical to the Notice of Removal filed April 7, 2021. As the grounds asserted in the first Notice of Removal failed to identify any basis for federal jurisdiction, the identical grounds asserted in the second Notice of Removal likewise fail to identify any such basis. Consequently, the case, once again, will be remanded. See 28 U.S.C. § 1447(c) (providing "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir.1992) (finding § 1447(c) permits district court to remand sua sponte case for lack of subject matter jurisdiction).

1    Accordingly, the above-tiled action is hereby REMANDED to the Superior Court of
2 the State of California, in and for the County of Alameda.
3    **IT IS SO ORDERED.**

5 Dated: August 11, 2021

MAXINE M. CHESNEY
United States District Judge